Filed June 7, 1884.

---

### No. 11,357.

### JONES, ADMINISTRATOR, v. JOHNSON.

PRACTICE.—*Motion to Stay Proceedings.—Counter Affidavits.—Costs.—Discretion of Court.*—Upon affidavit an order was made to stay proceedings in a cause until the costs of a former suit for the same cause of action should be paid. After a delay of seventeen days the plaintiff offered to file a counter affidavit, not accounting for his delay. The refusal of leave was not error.

From the Clinton Circuit Court.

*J. L. Miller*, for appellant.

*L. McClurg*, *W. R. Moore*, *R. P. Davidson* and *J. C. Davidson*, for appellee.

HAMMOND, J.—This was an action by the appellant against the appellee to foreclose a mortgage.

It appears from the record that, on the 12th day of the March term, 1883, of the court below, the defendant moved, upon affidavit, for stay of proceedings in the case until payment of costs of a former suit. This motion, on the 23d day of the same term, was sustained, and an order was made staying proceedings in the case until the appellant should pay the costs of such former action. The appellant excepted to the ruling and to the order, but as the affidavit upon which the appellee's motion was based is not in the record either by bill of exceptions or order of court, we must presume in favor of

the correctness of the court's ruling. Afterwards, on the forty-second day of the same term, the appellant offered to file a counter affidavit to the appellee's affidavit for stay of proceedings, but the court refused to permit it to be filed, and to this ruling the appellant excepted.

Without deciding whether the affidavit, if filed, or offered to be filed, at the proper time, would have been sufficient to defeat the appellee's motion for stay of proceedings, we can not say that there was any error in refusing to allow it to be filed at the time it was presented. The appellee's motion, made on the twelfth, was sustained on the twenty-third day of the term. The appellant did not, before it was sustained, offer to file any counter affidavit, nor ask for time for that purpose. His affidavit offered to be filed on the forty-second day of the term gave no excuse whatever for the delay, nor did it disclose any reason why the appellee's motion should not have been granted, which did not exist at the time it was sustained. A very large discretion is necessarily reposed in the trial courts in such matters as pertain to the present appeal, and unless the record presents a palpable abuse of such discretion, this court can not interfere. No such abuse is shown in the present case.

Judgment affirmed, with costs.

Filed June 17, 1884.